**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar. No. 320783)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Julia K. Venditti (State Bar No. 332688)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ndeckant@bursor.com
       jvenditti@bursor.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JORDAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WP COMPANY LLC, d/b/a THE WASHINGTON POST,<br><br>Defendant. | Case No. 3:20-cv-05218-WHO<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE, APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**<br><br>Judge: Hon. William H. Orrick |

1       WHEREAS, a proposed class action is pending before the Court entitled *Jordan v. WP Company LLC*, No. 3:20-cv-05218-WHO;

      WHEREAS, Plaintiff Deborah Jordan ("Plaintiff") and WP Company LLC ("Defendant" or "WaPo") (collectively, the "Parties"), have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed class action settlement which would dispose of the Action with prejudice as to WaPo and bind plaintiff and all class members to a full release of their claims, upon the terms and conditions set forth therein (the "Settlement Agreement"); and

      WHEREAS, the Court has considered all papers submitted on Plaintiff's Motion for Preliminary Approval and Certification of a Settlement Class, including the Settlement Agreement and all exhibits attached thereto, records and prior proceedings to date in this matter, and good cause appearing based on the record,

      **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED** as follows:

1.    The Parties have agreed to settle and dismiss with prejudice this Action in accordance with the terms and conditions of the Settlement Agreement, inclusive of its exhibits. The definitions in the Settlement Agreement are hereby incorporated herein as though fully set forth in this Order, and all other terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.    This Court finds that it has jurisdiction over the subject matter and all Parties to the Action, including the proposed Settlement Class, pursuant to 28 U.S.C. 1332(d)(2).

3.    The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class set forth below.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Settlement is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

4.     Plaintiff, by and through her counsel, has investigated the pertinent facts and has evaluated the risks associated with continued litigation, trial and/or appeal.  The Court finds that the Settlement Agreement: (a) is the result of arm's-length negotiations between the parties and experienced counsel; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

**Conditional Certification of the Settlement Class**

5.     For purposes of settlement only:  (a) Frederick J. Klorczyk III of Bursor & Fisher, P.A., is appointed Class Counsel for the Settlement Class; and (b) Deborah Jordan is appointed Class Representative.  The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff will adequately protect the interests of the Settlement Class defined below.

6.     For purposes of settlement only and for purposes of disseminating Class Notice, and without prejudice to Defendant's right to contest class certification if the Settlement Agreement is not finally approved, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e):

> All persons who, from July 29, 2016, to and through April 1, 2021, enrolled in any of Defendant's digital subscription offerings using a California billing address and who, during that time period, were charged and paid one or more automatic renewal fee(s) in connection with such subscription.[1]

7.     The Court finds, subject to the Final Approval Hearing referred to in paragraph 23 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement

---

[1] Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any excluded Persons.

1   Class is so numerous that joinder of all members is impracticable; there are questions of fact and
2   law common to the Settlement Class; the claims of the Class Representative are typical of the
3   claims of the members of the Settlement Class; the Class Representative and Class Counsel will
4   fairly and adequately protect the interests of the members of the Settlement Class; common
5   questions of law or fact predominate over questions affecting individual members; and a class
6   action is a superior method for fairly and efficiently adjudicating the Action.

7         8.   If the Settlement Agreement does not receive the Court's final approval, or if final
8   approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to
9   become effective, the Court's conditional grant of class certification shall be vacated, null, and
10  void in all respects, and the Class Representative and the Settlement Class will once again bear the
11  burden of establishing the propriety of class certification for purposes of litigation.  In such case,
12  neither the conditional certification of the Settlement Class for settlement purposes, nor any other
13  act relating to the negotiation or execution of the Settlement Agreement shall be considered as a
14  factor in connection with any class certification issue(s).

15  **Notice and Administration**

16        9.   The Court approves, as to form, content, and distribution, the Notice Plan set forth
17  in the Settlement Agreement, including Claim Form attached to the Settlement Agreement as
18  Exhibit A, the Notice Plan and all forms of Notice to the Settlement Class as set forth in the
19  Settlement Agreement and Exhibits B, C, D, and E attached thereto, and finds that such Notice is
20  reasonable and the best notice practicable under the circumstances, and that the Notice complies
21  fully with the requirements of the Federal Rules of Civil Procedure.  The Court also finds that the
22  Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the
23  requirements of Due Process.  The Court further finds that the Notice is reasonably calculated to,
24  under all circumstances, reasonably apprise members of the Settlement Class of the pendency of
25  this action, the terms of the Settlement Agreement, and the right to object to the settlement and to
26  exclude themselves from the Settlement Class.  In addition, the Court finds that no notice other
27  than that specifically identified in the Settlement Agreement is necessary in this Action.  The
28  Parties, by agreement, may revise the Notice and Claim Form in ways that are not material, or in

1  ways that are appropriate to update those documents for purposes of accuracy or formatting.

2      10.    The Court approves the request for the appointment of JND Legal Administration

3  ("JND") as Settlement Administrator of the Settlement Agreement.

4      11.    Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement

5  Administrator is directed to publish the Notice and Claim Form on the Settlement Website and to

6  send direct notice by email and U.S. Mail in accordance with the Notice Plan called for by the

7  Settlement Agreement.  The Settlement Administrator shall also maintain the Settlement Website

8  to provide full information about the Settlement and allow for the filing of claims online.  The

9  Settlement Website shall prominently display all Settlement deadlines for Settlement Class

10 Members as well as notify the Settlement Class to object to the Settlement Agreement, request

11 exclusion from the Class and appear at the Settlement Hearing.

12 **Submission of Claims and Requests for Exclusion from Settlement Class**

13     12.    Members of the Settlement Class who wish to receive benefits in the form of pro

14 rata cash payments under the Settlement Agreement must complete and submit a timely and valid

15 Claim Form(s) in accordance with the instructions contained therein.  All Claim Forms must be

16 postmarked or received by the Settlement Administrator by _____ [*suggested date*

17 *of 73 days after entry of this Order*].

18     13.    Members of the Settlement Class who do not submit a valid Claim Form by the

19 Claims Deadline will receive an Automatic Accout Credit Code based on whether their WaPo

20 Subscription was four-week or annual and active or inactive as of April 1, 2021, issued via email

21 by the Settlement Administrator, unless they exclude themselves from the Settlement.

22     14.    Any person falling within the definition of the Settlement Class may, upon valid and

23 timely request, exclude themselves or "opt out" from the Settlement Class.  Any such person may

24 do so if, on or before the Objection/Exclusion Deadline of _____ [*suggested date of*

25 *73 days after entry of this Order*] they comply with the exclusion procedures set forth in the

26 Settlement Agreement and Notice.  Any Settlement Class Members so excluded shall neither be

27 bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

28     15.    Any members of the Settlement Class who elect to exclude themselves or "opt out"

1   of the Settlement Agreement must file a written request with the Settlement Administrator,

2   received or postmarked no later than the Objection/Exclusion Deadline.  The request for exclusion

3   must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and

4   include the Settlement Class Member's name and address, a signature, the name and number of the

5   case, and a statement that he or she wishes to be excluded from the Settlement Class for the

6   purposes of this Settlement.  Each request for exclusion must be submitted individually.  So called

7   "mass" or "class" opt-outs shall not be allowed.

8         16.     Individuals who opt out of the Settlement Class relinquish all rights to benefits

9   under the Settlement Agreement and will not release their claims.  However, members of the

10  Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all

11  terms of the Settlement Agreement and the Final Judgment, regardless of whether they have

12  requested exclusion from the Settlement Agreement or received any benefit or award from the

13  settlement.

14        17.     No request for exclusion may be made on behalf of a group of Settlement Class

15  Members who do not share a single WaPo Subscription.  "Mass" opt outs and/or attempts to opt

16  out a "class" shall not be allowed.

17  **Appearance and Objections**

18        18.     At least twenty-one (21) calendar days before the Final Approval Hearing, any

19  person who falls within the definition of the Settlement Class and who does not request exclusion

20  from the Settlement Class may enter an appearance in the Action, at their own expense,

21  individually or through counsel of their own choice.  Any Settlement Class Member who does not

22  enter an appearance will be represented by Class Counsel.

23        19.     Any members of the Settlement Class who have not timely filed a request for

24  exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or

25  to a Final Judgment being entered dismissing the Action with prejudice in accordance with the

26  terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by

27  Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as

28  set forth in the Notice and Settlement Agreement.  At least fourteen (14) days prior to the

Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the court and posted to the settlement website. Members of the Settlement Class may object on their own, or may do so through separate counsel at their own expense.

20. To object, Settlement Class Members must sign and file a written objection no later than on or before the Objection/Exclusion Deadline of _____ [*suggested date of 73 days after entry of this Order*]. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and include his or her name and address; an explanation of the basis upon which he or she claims to be a Settlement Class Member; a signature; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing, advising, or in any way assisting him or her in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and a statement indicating whether he or she intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with Northern District of California Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption.

21. Members of the Settlement Class who fail to file and serve timely written objections in compliance with the requirements of this paragraph and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 3 above, which include the following: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class

Representative.

22. To be valid, objections must be filed with the Court and sent to the following: Class Counsel Frederick J. Klorczyk III of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019; and Defendant WP Company LLC's Zachary Lerner of ZwillGen PLLC, 1900 M Street NW, Suite 250, Washington D.C. 20036.  In addition, any objections made by a Class member represented by counsel must be filed through the Court's CM/ECF system.

**Final Approval Hearing**

23. The Final Approval Hearing shall be held before this Court on _____ [*at least 120 days after entry of this Order*], at **2:00 p.m.** in Courtroom 2, 17th Floor, at the San Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, to determine:  (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement (including as it may be modified prior to the Final Hearing date) is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the Fee Award to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative.  The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.  The new date of Hearing, if any, shall be published on the Court's docket and on the Settlement Website.

24. Class Counsel shall file papers in support of their Fee Award and Class Representative's incentive award (collectively, the "Fee Petition") with the Court on or before _____ [*suggested date of 52 days after entry of this Order, i.e., 14 days before Objection/Exclusion Deadline*].  Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before _____ [*suggested date of 21 days before Final Approval hearing*].  Class Counsel may file a reply in support of their Fee Petition with the Court on or before _____ [*suggested date of 14 days before Final Approval hearing*].

25. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before _____

[*suggested date of 14 days before Final Approval hearing*].

**Further Matters**

26. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement. Additionally, pending this Court's determination as to whether to finally approve the Settlement, the Court hereby prohibits and/or enjoins any other person, entity or counsel (other than successful opt-outs to this Settlement) from representing or from commencing, prosecuting, participating in or assisting in any lawsuit or proceeding against the Released Parties on any matters within the scope of the Released Claims).

27. Absent prior approval from this Court, Plaintiff and Class Counsel, shall not issue any press release, advertisement, internet posting, or any other public statement (to the media or otherwise), or make any other extrajudicial statements concerning the facts and circumstances of this action or the disclosures exchanged between the parties, with the exception of the notices to be distributed to the Settlement Class Members in accordance with this Settlement. Any communications between Class Counsel and any individual Settlement Class Members seeking inquiries shall be limited to providing publicly available information contained in the notices provided to the Settlement Class Members, and Class Counsel shall in no way make any disparaging statements about WaPo or the Released Parties in responding to any such inquiries.

28. Members of the Settlement Class shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

30. All Settlement Class Members who do not timely exclude themselves from the Settlement: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation,

the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class or Settlement Class Member; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, participating in, or intervening (as class members or otherwise) in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against WaPo and the other Released Parties, as more fully described in the Settlement Agreement, whether or not a Claim Form is required or submitted.

31.  Neither this Order, the Settlement Agreement including the exhibits thereto, the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (a) shall be referred to or offered against any of the Releasees as evidence of, or constructed as, or deemed to be evidence of any presumption, concession or admission by any of the Releasees with respect to the truth of any allegation, the validity of any claim or the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation, including the appropriateness of a litigation class, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Releasees, in any civil, criminal or administrative action or proceeding, or (b) shall be construed against any of the Releasees or Releasing Parties as an admission, concession or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that notwithstanding the foregoing, if the Settlement Agreement is approved by the Court, the Parties and Releasees and their respective counsel may file or refer to the Settlement Agreement or the Judgment in any action that may be brought to enforce its terms.

32.  In accordance with the Settlement Agreement, if the Settlement Agreement is not approved by the Court, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court.  In such event, the parties will retain all rights as if the Settlement Agreement was never agreed upon.

33. If the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement or for any reason whatsoever the approval of it does not become Final then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would otherwise be discoverable; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

34. Pending final determination of whether the proposed Settlement Agreement should be approved, neither Plaintiff nor any Settlement Class Member, directly or indirectly, in a representative or any other capacity, shall commence or prosecute against Defendant and the other Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

35. The Parties and their counsel shall meet and confer and work together in good faith to effectuate the terms of the Settlement Agreement and this Order. The Court may, upon proper notice and motion, resolve any disputes between the parties concerning the Settlement Agreement and this Order.

1  IT IS SO ORDERED, this _____ day of _____, 2021.

_____
Hon. Judge William H. Orrick
United States District Court