# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# CIVIL MINUTES

| **Date:** November 17, 2021 | **Time:** 11 minutes<br>3:25 p.m. to 3:36 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 20-cv-05218-WHO | **Case Name:** Jordan v. WP Company LLC | |

**Attorneys for Plaintiff:**   Frederick J. Klorczyk
**Attorneys for Defendant:**   Jacob A. Sommer

**Deputy Clerk:** Jean Davis                              **Court Reporter:** Ruth Levine Ekhaus

# PROCEEDINGS

Motion hearing conducted via videoconference.

The Court will grant final approval of the settlement as fair, reasonable, and adequate. The Court has specifically considered the *Bluetooth* factors – (1) whether counsel will receive a disproportionate distribution of the settlement; (2) whether the parties negotiated a clear-sailing arrangement; and (3) whether the agreement contains a kicker or reverter clause, *see McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607–08 (9th Cir. 2021) – and although there is a clear sailing agreement, given that the settlement was negotiated over two sessions with an experienced mediator and there is no reversion to defendant from the Cash Fund, I am comfortable that there was no collusion between counsel and defendants at the expense of the class. Moreover, there is potentially very significant relief provided to the class given the value and transferability of the Access Codes.

I also conclude that the settlement is not a "coupon" settlement under the Class Action Fairness Act, 28 U.S.C. § 1712 ("CAFA"), given that the Access Codes provide an entire product free of charge, never expire, and are freely transferable, and because class members had the opportunity to seek a cash payment in lieu of receiving an Access Code by filing a claims form.

Considering all of the relevant and necessary factors, I will issue a separate order granting final approval to the settlement.

However, the structure of the settlement – whereby if the Court accepts Class Counsel's proposal the vast majority of the Cash Fund will be extinguished by the award of attorney fees and claims administration costs – as well as the remarkably high fee award with an over 5.5 multiplier sought by Class Counsel causes me concern. A significant award of fees is merited, but how significant depends upon how many of the Access Codes are utilized by the Class Members.

Therefore, in my discretion, I defer ruling on the separate motion for an award of attorney fees, costs, and an incentive award and ORDER Class Counsel to do the following:

After the Access Codes are provided to class members, Class Counsel may re-notice their motion for an award of attorney fees and an incentive award and address the following:

(i)   how many Access Codes have been utilized by class members;

(ii)  why the class representative is entitled to a $5,000 Incentive Award given the minimal amount of time/work she performed on behalf of the class;

(iii) assuming the Court grants a lower Fee or Incentive Award than requested, to avoid a windfall, a proposed cap on *pro rata* cash awards for each category of class members;

(iv)  assuming the Court grants a lower Fee or Inventive Award, to avoid a windfall to class members who submitted claims, a *cy pres* organization agreed-to by Class Counsel and Defendant;

(v)   what efforts Defendant has made to identify and assist class members identified in section 2.2.e. of the Settlement Agreement (who purchased a WaPo subscription through a third-party);

(vi)  the identity of the not-for-profit organization(s) or school(s) recommended by Class Counsel and Defendant to receive any non-deliverable Access Codes (pursuant to Section 2.2.j. of the Settlement Agreement); and

(vii) provide all other Post-Distribution Accounting information required by the Northern District of California's Procedural Guidance for Class Action Settlements.