UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>WP COMPANY LLC,<br><br>Defendant. | Case No. 20-cv-05218-WHO<br><br>**ORDER GRANTING FINAL APPROVAL TO SETTLEMENT AND JUDGMENT** |

On July 8, 2021, I granted preliminary approval of the proposed class action settlement agreement between the parties (the "Settlement Agreement" or "Settlement"). I also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on November 17, 2021. The Settlement Class is defined as: all Persons who, from July 29, 2016, to and through April 1, 2021, enrolled in any of Defendant's digital subscription offerings using a California billing address and who, during that time period, were charged and paid one or more automatic renewal fee(s) in connection with such subscription. Excluded from this definition are the Released Parties. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 4.5 of the Settlement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement and shall not be eligible to make a claim for any benefit under the terms of the Settlement.

On November 17, 2021, I held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class members herein who have

not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make an incentive award to Plaintiff Deborah Jordan.

Having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the WaPo Subscriptions at issue, as ordered by the Court, and having considered and determined that the proposed settlement of the claims of the Settlement Class Members against Defendant, as well as the release of Defendant and the Released Parties, are fair, reasonable and adequate, I **HEREBY ORDER, DECREE, AND ADJUDGE** as follows:

1. The definitions in the Settlement Agreement and the Court's Preliminary Approval Order are hereby incorporated herein as though fully set forth in this Order, and all other terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement and in the Court's Preliminary Approval Order, and/or in any Order of this Court prior to the entry of final Judgment.

2. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied, for purposes of settlement only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representative are typical of the claims of the Settlement Class she seeks to represent; (d) the Class Representative has and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

3. The Court finds that the requirements of Rule 23(e) of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have

been satisfied, and the Court approves the settlement of this Action as memorialized in the Settlement Agreement as being fair, just, reasonable and adequate to the Settlement Class and its members. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides relief to the Settlement Class without the risks, burdens, costs or delays associated with continued litigation, trial and/or appeal. The Settlement is not a finding or admission of liability by the Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, a class action on behalf of all Persons who, from July 29, 2016, to and through April 1, 2021, enrolled in any of Defendant's digital subscription offerings using a California billing address and who, during that time period, were charged and paid one or more automatic renewal fee(s) in connection with such subscription. Excluded from this definition are the Released Parties. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 4.5 of the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

5. Frederick J. Klorczyk III of Bursor & Fisher, P.A., is appointed as Class Counsel for the Settlement Class. Plaintiff Deborah Jordan is designated as the Class Representative.

6. Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto. In addition, I find that Defendant fully satisfied any obligation to provide Notice of the proposed Settlement Agreement to the public officials designated under the Class Action Fairness Act, 28 U.S.C. § 1715, to receive such notice, as set forth in the Defendant's Notice of Compliance with

28 U.S.C. § 1715.

7. I have considered and find that Class Counsel and the Class Representative have adequately represented the Class. Plaintiff, by and through her counsel, has investigated the pertinent facts and law and has evaluated the risks associated with continued litigation, class certification, trial, and/or appeal. I find that the Settlement Agreement was reached in the absence of collusion and is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel.

8. I find that the Settlement is effective in appropriately distributing relief to the Settlement Class in light of the claims and defenses asserted, that the method of processing Settlement Class Member claims is reasonable and appropriate, and that the Settlement Agreement treats all Settlement Class Members equitably relative to each other.

9. I have evaluated this overall reaction of the Class to the Settlement and find that the overall acceptance of the Settlement Agreement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable, adequate, and in the best interests of the Class.

10. The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions, except with respect to award or payment of attorney fees and costs and the incentive award for the Class Representative, discussed more below.

11. Defendant shall implement (if it has not done so already) the Prospective Relief described in Paragraph 2.3 of the Settlement Agreement within a reasonably practicable time from the date of this order.

12. JND Legal Administration ("JND") is finally appointed to continue to serve as the Claims Administrator as provided in the Settlement Agreement. The Claims Administrator is directed to process all Authorized Claims in accordance with the Settlement Agreement. Class Counsel and Counsel for Defendant are hereby authorized to employ all reasonable procedures in connection with administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement. If the costs of implementing the Settlement exceed $113,102, plaintiff's counsel shall submit a supplemental request seeking approval for an

4

1  increased amount, supported by a declaration from JND attesting to the expenses incurred in
2  administering the Settlement.

3    13.    The Claims Administrator shall administer the Escrow Account, which is a
4  Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1.  The Claims
5  Administrator, as administrator of the fund within the meaning of Treasury Regulation § 1.468B-
6  2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax
7  returns as may be necessary or appropriate (including, without limitation, the returns described in
8  Treasury Regulation § 1.468B-2(k)) for the Escrow Account.  The Claims Administrator shall also
9  be responsible for causing payment to be made from the Escrow Account of any Taxes and Tax
10 Expenses owed.  None of the Releasees, Plaintiff, Class Counsel, or Counsel for Defendant shall
11 have any liability or responsibility for any such Taxes or Tax Expenses, or any required filings
12 regarding same.

13    14.    There shall be no recourse to any Defendant, Releasee, Released Party or their
14 counsel, or to the Class Representative or Class Counsel, or to the Claims Administrator or to this
15 Court, for any determination made by the Claims Administrator pursuant to its responsibilities
16 under the Settlement Agreement.  In addition, notwithstanding anything else in this Order, if the
17 Claims Administrator or any Party has reason to believe that a false or fraudulent Claim has been
18 submitted in this Settlement, or that any Claim has been submitted under false pretenses, the
19 Claims Administrator may reject the Claim.

20    15.    The allowance or disallowance of any Fee Award or Incentive Award has been and
21 will again be considered me separately from the Court's consideration of the fairness,
22 reasonableness and adequacy of the Settlement.  Any Order or proceeding related to the
23 application for an award of fees, costs and expenses, or any appeal from any Fee Award or
24 Incentive Award or other order relating thereto, shall not operate to terminate or cancel the
25 Settlement Agreement, nor affect or delay the finality of this Final Order and Judgment.  As noted
26 in the Minute Order following the Final Approval Hearing, further proceedings are contemplated
27 before the Fee Award and Incentive Awards are determined.

28    16.    The Action is hereby dismissed with prejudice and without costs as against

Defendant and the Released Parties.

17. Class Representative and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) and all persons acting on behalf of or in concert with any of the above, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Parties. The Court finds that issuance of the permanent injunction described in this paragraph is necessary and appropriate in aid of the Court's jurisdiction over this Action and to protect and effectuate this Order.

18. Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Parties, any and all causes of action or claims for relief, whether in law or equity, including but not limited to injunctive relief, actual damages, nominal damages, statutory damages, punitive damages, exemplary or multiplied damages, restitution, disgorgement, expenses, attorneys' fees and costs, and/or any other form of consideration whatsoever (including Unknown Claims), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, that were brought or could have been brought in the Action relating to any and all Releasing Parties, any WaPo Subscription associated with any of them, or that in any way relate to or arise out of Defendant's automatic renewal and/or continuous service programs in California from July 29, 2016, to and through April 1, 2021, including but not limited to any of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act related thereto. Plaintiff, the Settlement Class, and the Releasing Parties each individually covenant not to bring any Released Claim and expressly agree that this Release will be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the release(s) contained herein in respect to any WaPo Subscription associated with a Class Member.

19. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of

1  the negotiations or proceedings connected with it, nor any of the documents or statements referred
2  to therein shall be:

3      (a)    offered by any person or received against Defendant as evidence or
4  construed as or deemed to be evidence of any presumption, concession, or admission by
5  Defendant of the truth of the facts alleged by the Class Representative or any Settlement Class
6  Member or the validity of any claim that has been or could have been asserted in the Action or in
7  any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that
8  has been or could have been asserted in the Action or in any litigation, or of any liability,
9  negligence, fault or wrongdoing of Defendant;

10      (b)    offered by any person or received against Defendant as evidence of a
11  presumption, concession or admission of any fault, misrepresentation or omission with respect to
12  any statement or written document approved or made by Defendant or any other wrongdoing by
13  Defendant;

14      (c)    offered by any person or received against Defendant as evidence of a
15  presumption, concession, or admission with respect to any liability, negligence, fault, or
16  wrongdoing, or in any way referred to for any other reason against any of the settling parties, in
17  any civil, criminal, or administrative action or proceeding; provided, however, that nothing
18  contained in this paragraph shall prevent the Settlement Agreement from being used, offered, or
19  received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement
20  or the Settlement Approval Order and Final Judgment, or in which the reasonableness, fairness, or
21  good faith of the parties in participating in the Settlement (or any agreement or order relating
22  thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Settlement
23  Approval Order and Final Judgment, the releases as to the Released Parties.

24      20.    Claims documents in this case, and all materials and data held by the Claims
25  Administrator regarding the Settlement Class, including the Class List, shall be strictly
26  confidential and not subject to publication or disclosure, and shall not be used for any other
27  purposes beyond providing notice to the Settlement Class and assisting with the determination of
28  valid claims.  No person other than the Parties and their counsel, the Claims Administrator, and

the Court shall be permitted to obtain or review any Claim Form, or any decision of the Claims Administrator with respect to accepting or rejecting any Claim, except as provided for herein or upon Court Order for good cause shown.

21. This Settlement Approval Order and Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing and administering the Settlement Agreement; (c) the Fee Award and Incentive Award; and (d) the enforcement of the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs.

22. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

23. In the event that the Final Settlement Approval Date does not occur, this Settlement Approval Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith, except the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs, shall be null and void.

**IT IS SO ORDERED.**

Dated: November 19, 2021



William H. Orrick
United States District Judge