**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Julia K. Venditti (State Bar No. 332688)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com
        jvenditti@bursor.com

*Class Counsel*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JORDAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WP COMPANY LLC, d/b/a THE WASHINGTON POST,<br><br>Defendant. | Case No. 3:20-cv-05218-WHO<br><br>**[PROPOSED] FEE APPROVAL ORDER AND FINAL JUDGMENT**<br><br>Date:     September 7, 2022<br>Time:    2:00 p.m.<br>Courtroom: 2, 17th Floor<br>Judge: Hon. William H. Orrick |

1    On July 8, 2021, this Court granted preliminary approval of the proposed class action settlement agreement between the parties (the "Settlement Agreement" or "Settlement"). The Court also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on November 17, 2021. The Settlement Class is defined as: all Persons who, from July 29, 2016, to and through April 1, 2021, enrolled in any of Defendant's digital subscription offerings using a California billing address and who, during that time period, were charged and paid one or more automatic renewal fee(s) in connection with such subscription. Excluded from this definition are the Released Parties. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 4.5 of the Settlement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement and shall not be eligible to make a claim for any benefit under the terms of the Settlement.

On November 17, 2021, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make an incentive award to Plaintiff Deborah Jordan.

On November 19, 2021, this Court granted final approval to the proposed Settlement after determining that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the WaPo Subscriptions at issue, as ordered by the Court, and that the proposed settlement of the claims of the Settlement Class Members against Defendant, as well as the release of Defendant and the Released Parties, are fair, reasonable and adequate. Accordingly, this Court finally certified this action pursuant to Fed. R. Civ. P. 23, for purposes of settlement, as a class action on behalf of all Persons who, from July 29, 2016, to and through April 1, 2021, enrolled in any of Defendant's digital subscription offerings using a California billing address and who, during that time period, were charged and paid one or

more automatic renewal fee(s) in connection with such subscription.  This Court also finally appointed Frederick J. Klorczyk III of Bursor & Fisher, P.A., as Class Counsel for the Settlement Class, Plaintiff Deborah Jordan as the Class Representative, and JND Legal Administration ("JND") as the Claims Administrator as provided in the Settlement Agreement, and it directed the parties to consummate the Settlement Agreement in accordance with its terms and conditions.  At the same time, this Court deferred a decision regarding attorneys' fees and an incentive award, and directed Plaintiff to submit a renewed fee petition following distribution of the Automatic Account Credit Codes to Settlement Class Members in accordance with the Settlement.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the awards of attorneys' fees, costs, and expenses and incentive award requested, are fair, reasonable and adequate, **HEREBY ORDERS, DECREES, AND ADJUDGES** as follows:

1. The definitions in the Settlement Agreement and the Court's Preliminary Approval Order are hereby incorporated herein as though fully set forth in this Order, and all other terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement and in the Court's Preliminary Approval Order, and/or in any Order of this Court prior to the entry of final Judgment.

2. The Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions, including with respect to award or payment of attorneys' fees and costs and the incentive award for the Class Representative, discussed more below.

3. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees, costs, and expenses in the amount of $_____.  The Court also orders payment of an incentive award(s) in the amount(s) of $_____ to Plaintiff Deborah Jordan.  These amounts are to be paid in the time and manner described in the Settlement Agreement.

4. The Action is hereby dismissed with prejudice and without costs as against Defendant and the Released Parties.

5. This Fee Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure.  Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby

retains continuing jurisdiction over: (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing, and administering the Settlement Agreement; and (c) enforcement of the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs.

6. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

IT IS SO ORDERED, this ____ day of _____, 2022.

_____
Hon. Judge William H. Orrick
United States District Court Judge,
Northern District of California