UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH JORDAN,<br><br>        Plaintiff,<br><br>    v.<br><br>WP COMPANY LLC,<br><br>        Defendant. | Case No. 20-cv-05218-WHO<br><br>**ORDER GRANTING ATTORNEY FEES AND COSTS** |

On July 8, 2021, I granted preliminary approval of the proposed class action settlement agreement between the parties (the "Settlement Agreement" or "Settlement"). I also provisionally certified a Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on November 17, 2021. The Settlement Class is defined as: all Persons who, from July 29, 2016, to and through April 1, 2021, enrolled in any of Defendant's digital subscription offerings using a California billing address and who, during that time period, were charged and paid one or more automatic renewal fee(s) in connection with such subscription. Excluded from this definition are the Released Parties. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Paragraph 4.5 of the Settlement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Settlement and shall not be eligible to make a claim for any benefit under the terms of the Settlement.

On November 17, 2021, I held the final approval hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award

attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make an incentive award to Plaintiff Deborah Jordan.

On November 19, 2021, I granted final approval to the proposed Settlement after determining that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the WaPo Subscriptions at issue, as ordered by the Court, and that the proposed settlement of the claims of the Settlement Class Members against Defendant, as well as the release of Defendant and the Released Parties, are fair, reasonable and adequate. Accordingly, I finally certified this action pursuant to Fed. R. Civ. P. 23, for purposes of settlement, as a class action on behalf of all Persons who, from July 29, 2016, to and through April 1, 2021, enrolled in any of Defendant's digital subscription offerings using a California billing address and who, during that time period, were charged and paid one or more automatic renewal fee(s) in connection with such subscription.

I also appointed Frederick J. Klorczyk III of Bursor & Fisher, P.A., as Class Counsel for the Settlement Class, Plaintiff Deborah Jordan as the Class Representative, and JND Legal Administration ("JND") as the Claims Administrator as provided in the Settlement Agreement, and directed the parties to consummate the Settlement Agreement in accordance with its terms and conditions. At the same time, I deferred a decision regarding attorneys' fees and an incentive award and directed Plaintiff to submit a renewed fee petition following distribution of the Automatic Account Credit Codes to Settlement Class Members in accordance with the Settlement, so that I could have more information regarding the number of claims made for cash distribution and receive preliminary information regarding the rate of class member redemption of the Automatic Account Credit Code.

On August 3, 2022, Class Counsel provided that information and moved again for an award of attorney fees and costs. Dkt. No. 60.[1] As of the date of that filing, 10,808 out of the over 318,000 class members submitted claims for pro rata cash distribution, which will result in

---

[1] No objections to the renewed motion for attorney fees and costs have been filed. I find this matter appropriate for resolution on the papers and VACATE the September 7, 2022 hearing. Civ. L.R. 7-1(b).

1    each receiving approximately $44.61 or $22.30 depending on their type of subscription (annual or

2    monthly) and on the amount of attorney fees awarded. *Id*. at 1. Approximately, 26,000 class

3    members have activated the Codes sent out by WaPo to over 307,000 class members. *Id*. at 1-2.

4    As Class Counsel point out, however, the Codes are fully transferrable and do not expire.

5    Therefore, the current activation rate of 8% may well continue to rise. *Id*. at 2.

6        Having considered all matters submitted I **HEREBY RULE** as follows:

7        1.    The definitions in the Settlement Agreement and the Court's Preliminary Approval

8    Order are hereby incorporated herein as though fully set forth in this Order, and all other terms and

9    phrases in this Order shall have the same meaning as ascribed to them in the Settlement

10   Agreement and in the Preliminary Approval Order, and/or in any Order of this Court prior to the

11   entry of final Judgment.

12       2.    The Parties are directed to consummate the Settlement Agreement in accordance

13   with its terms and conditions, including with respect to the manner of payment of attorneys' fees

14   and costs and the incentive award for the Class Representative, discussed more below.

15       3.    Pursuant to Fed. R. Civ. P. 23(h), I hereby award Class Counsel attorneys' fees in

16   the amount of $1,690,620, representing 25% of the value of the Settlement ($6,762,480). The

17   25% award, the benchmark in the Ninth Circuit, is appropriate in this case for the following

18   reasons. The Settlement was fair, reasonable, and adequate, and as I noted in the Final Approval

19   Order, provides "significant" relief to Class Members. However, given counsel's lodestar

20   (resulting presumably from the early settlement of this action without significant litigation as well

21   as the fact that this case followed other, similar cases brought by plaintiff counsel), the result while

22   significant and fair does not justify a 30% award. A 30% award would in effect provide a

23   multiplier of 5.5 on counsels' lodestar under the lodestar cross check. *See* Dkt. No. 52 at 14, 22-

24   23; *see also In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011)

25   (recommending use of both percentage of recovery and lodestar crosscheck methods to confirm

26   proposed recover does not award counsel an exorbitant hourly rate and is otherwise justified).

27       4.    Class counsel are awarded their litigation costs of $8,427.92. Dkt. No. 52-1 at ECF

28   Pg. 140 of 330.

5. The Settlement Administrator's actual expenses, up to the amount of $185,000, may be deducted from the Settlement Fund.

6. The Court also orders payment of an incentive award(s) in the amount(s) of $ 2,500 to Plaintiff Deborah Jordan. That amount is appropriate for a class representative in this type of consumer class action who was not deposed, did not attend the mediation or other proceedings, but did spend thirty hours working with counsel to produce documents and reviewing filings. These amounts are to be paid in the time and manner described in the Settlement Agreement.

7. The Action is hereby dismissed with prejudice and without costs as against Defendant and the Released Parties.

8. This Fee Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing, and administering the Settlement Agreement; and (c) enforcement of the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs.

9. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

**IT IS SO ORDERED.**

\Dated: September 6, 2022



William H. Orrick
United States District Judge

4